# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### BLUEFIELD

**THOMAS C. SHRADER,**

    **Movant,**

v.                                          **Case No. 1:16-cv-05559**
                                                    **Case No. 1:09-cr-00270**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant, Thomas C. Shrader's (hereinafter "Defendant") Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 463). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY

On July 14, 2010, Defendant was found guilty by a jury in this United States District Court of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), which carried a maximum sentence of ten years in prison. On August 20, 2010, Defendant was found guilty, by a separate jury, of two counts of stalking by use of interstate facility, in violation of 18 U.S.C. § 2261(a)(2), which had been severed from the firearms charge for trial.

At sentencing, which occurred on November 19, 2010, this Court found that Defendant had committed three prior felony offenses categorized as "violent felonies"

under 18 U.S.C. § 924(e)(2)(B) (the "Armed Career Criminal Act" or "ACCA").[1]  The parties agree that Defendant was previously convicted in 1976 of two counts of first degree murder, in violation of W. Va. Code § 61-2-1, and one count of unlawful wounding, in violation of W. Va. Code § 61-2-9(a).  Defendant also has a 1977 conviction for escape, in violation of W. Va. Code § 61-5-10.

As a result of these prior convictions, Defendant was classified as an armed career criminal and, thus, was subject to a statutory mandatory minimum sentence of fifteen years of imprisonment, pursuant to 18 U.S.C. § 924(e)(1) and, consequently, received a sentencing enhancement from a level 28 to a level 33 under section 4B1.4(b)(3)(B) of the United States Sentencing Guidelines.[2]  Defendant did not object to the armed career criminal designation at sentencing, and he was sentenced to serve 235 months in prison, followed by a five-year term of supervised release.  (Judgment, ECF No. 341).

Defendant unsuccessfully appealed his judgment to the United States Court of Appeals for the Fourth Circuit.  *United States v. Shrader*, 675 F.3d 300 (4th Cir. 2012).

---

[1] The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses.  18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The ACCA defines a "violent felony" as a crime punishable ... by imprisonment for a term exceeding one year ... that

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

18 U.S.C. § 924(e)(2)(B) (Emphasis added).  The bolded portion of this definition is known as the Act's "residual clause."

[2]  As applied herein, section 4B1.4(b)(3)(B) of the Guidelines states in pertinent part that, "[t]he offense level for an armed career criminal is the greatest of . . . 33, otherwise." U.S. SENTENCING GUIDELINES MANUAL § 4B.14(b)(3)(B).  Defendant was granted a three-level reduction for acceptance of responsibility and, thus, his total offense level was reduced to 30 with a criminal history category of VI, rendering a guideline range of 180-210 months of imprisonment.

The appeal included a challenge to his armed career criminal designation and his 235-month sentence. The Supreme Court of the United States subsequently denied Defendant a writ of certiorari. *Shrader v. United States*, 133 S. Ct. 757 (2012), *reh'g denied*, 133 S. Ct. 1320 (2013).

Defendant also filed a previous Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 406), which raised 31 grounds for relief, including a challenge to his ACCA enhanced sentence. On January 25, 2016, the presiding District Judge denied Defendant's first section 2255 motion. *Shrader v. United States*, No. 1:13-cv-33098; 1:09-cr-00270 (S.D. W. Va. Jan. 25, 2016) (ECF No. 449). The denial of his first section 2255 motion was affirmed on appeal on September 7, 2016. *United States v. Shrader*, No. 16-6180, 2016 WL 299036 (4th Cir. Sept. 7, 2016). (ECF Nos. 472, 473).

On June 26, 2015, while Defendant's first section 2255 motion was pending, the Supreme Court decided *United States v. Johnson*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), holding that the residual clause of the ACCA is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. As noted by the United States herein, the Supreme Court specifically excluded the remainder of the ACCA from its holding in *Johnson II*. The Court stated, "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. Thus, a prior conviction may still qualify as a violent felony if it meets the criteria of the element of force clause contained in section 924(e)(2)(B)(i) or the enumerated offenses of burglary, arson, extortion or crimes involving explosives under section 924(e)(2)(B)(ii).

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson II* changed the substantive

reach of the ACCA, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson II* announced a new substantive rule that applies retroactively to cases on collateral review.

On May 6, 2016, attorney W. Michael Frazier was appointed to represent Defendant to determine whether he is entitled to any relief under *Johnson II*. (ECF No. 457). Defendant, by counsel, sought and received authorization from the Fourth Circuit to file a second or successive section 2255 motion concerning his *Johnson II* claim. (ECF Nos. 459, 461, 462). On June 21, 2016, Defendant, by counsel, filed the instant Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 463), asserting that, after *Johnson II,* none of his predicate convictions qualify as violent felonies under the ACCA. On August 11, 2016, Defendant, by counsel, filed a Supplemental Brief in support of his second section 2255 motion. (ECF No. 469).

On October 12, 2016, the United States of America ("the government") filed a Response to Defendant's section 2255 motion. The government contends that Defendant's two first degree murder convictions and his unlawful wounding conviction meet the force clause of the ACCA's definition of a violent felony.[3] Thus, the government contends that Defendant remains an armed career criminal and is not entitled to any relief under section 2255.

On October 18, 2016, Defendant, by counsel, filed a Reply brief (ECF No. 479) disputing the government's contentions that his predicate convictions meet the force clause of the ACCA. He reiterates his argument that he does not qualify as an armed

---

[3] None of Defendant's convictions qualify as enumerated offenses under the ACCA. Additionally, neither party's briefs discuss Defendant's escape conviction. Thus, the undersigned will not address that conviction herein.

career criminal and, thus, his sentence is unconstitutional after *Johnson II*. The parties also filed several Notices of Additional Authority. As presently relevant, on January 24, 2018, the government filed its Third Notice of Additional Authority addressing the Fourth Circuit's decision in *United States v. Covington*, 880 F.3d 129 (4th Cir. 2018). (ECF No. 496). The undersigned will address the parties' arguments in the briefing as necessary *infra*.

In addition to the briefing filed by Defendant and the government, Defendant's prior crime victims, D.S. and R.S., by counsel, Robert M. Bastress, III, and Russell P. Butler, filed an "Assertion of Rights" under 18 U.S.C. § 3771. (ECF No. 467). On October 18, 2016, the victims filed a Memorandum in support of their Assertion of Rights. (ECF No. 478). Of note, the Memorandum states:

> Section 3771 grants specific rights to crime victims in subsection (a), and specifies in subsection (d)(3) the procedures by which victims can assert those rights in court and obtain judicial determination of such claims. No further statutory mandate would have been needed if all that Congress intended was to have judges rule on applications by aggrieved crime victims. But the statute also requires courts, in subsection (b), to "ensure that the crime victim is afforded the rights described in subsection (a)."

(*Id.* at 3). Thus, the victims contend that "courts have the obligation to consider and provide a judicial determination of a victim's assertion of [] rights both under 18 U.S.C. § 3771(d)(3) and under 18 U.S.C. § 3771(b). (*Id.*) In the instant matter, the victims contend that Defendant's present claim for relief is "barred by the law of the case because the same issue, *i.e.*, the need to address the propriety of his ACCA sentence enhancement, was decided against the Movant/Defendant in his direct appeal[.]" (*Id.* at 1).

On September 25, 2018, more than two years after Defendant's second section 2255 motion was filed, and despite being represented by counsel, Defendant filed a *pro se* letter asserting that his prior conviction for unlawful wounding was actually a

5

misdemeanor offense that cannot serve as a predicate offense for the ACCA enhancement. (ECF No. 505). He asserts that the parties negotiated a plea to a "lower bracket" penalty of confinement not to exceed 12 months, which, he contends, constitutes a misdemeanor. (*Id.*) The undersigned ordered additional briefing on this issue. Additional briefs were filed by the crime victims (ECF No. 509) and the government (ECF No. 510), and Defendant filed a "Rebuttal" (ECF No. 512).

Subsequently, however, the undersigned determined that this claim was previously addressed and denied in Defendant's first section 2255 proceeding. (ECF Nos. 441 at 24-25 n.2, and 449 at 10). The Supreme Court of Appeals of West Virginia ("SCAWV") also recently found that Defendant's prior unlawful wounding conviction under W. Va. Code § 61-2-9(a) was a felony and that the petitioner's claims concerning his prior state convictions, which had been raised and denied in that court in several *coram nobis* petitions, were barred by res judicata. *See Shrader v. State of W. Va.*, No. 17-0299, 2018 WL 679497, at *2 n.1, 5 (W. Va. Feb. 2, 2018). (ECF No. 510 at 3-5).

## DISCUSSION

**A. As a threshold matter, the record need not conclusively prove that the District Court relied upon the residual clause in finding the predicate offenses to be "violent felonies" in order for this Court to grant relief herein.**

In light of the retroactive decision in *Johnson II*, the residual clause can no longer be used to qualify a prior crime as a violent felony under the ACCA. Furthermore, under the Fourth Circuit's recent decision in *United States v. Winston*, 850 F.3d 677 (4th Cir. 2017), Defendant's sentence is reviewable in this second 2255 motion.

> We therefore hold that when an inmate's sentence may have been predicated on application of the now-void residual clause and, therefore, may be an unlawful sentence under the holding in *Johnson II*, the inmate has shown that he "relies on" a new rule of constitutional law within the

6

> meaning of 28 U.S.C. § 2244(b)(2)(A). This is true regardless of any non-essential conclusions a court may or may not have articulated on the record in determining the defendant's sentence. *Chance*, 831 F.3d at 1340.

850 F.3d at 682.

The presiding District Judge's finding, at sentencing, that Defendant's prior convictions qualified as ACCA predicate offenses may have been predicated on the application of the residual clause. Thus, the undersigned proposes that the presiding District Judge **FIND** that the defendant's second or successive section 2255 motion is reviewable by this court, and that the proper inquiry is to determine whether the defendant's prior convictions can be considered to be violent felonies under either of the remaining clauses of the ACCA.

For these same reasons, the victims' assertion in their Assertion of Rights that Defendant's claim is barred by the law of the case doctrine lacks merit. *Johnson II* is a new rule of substantive law that has been made retroactive on collateral review and, thus, the claim presently raised by Defendant was unavailable to him at the time of his direct appeal and his first section 2255 motion. Therefore, it is properly asserted in a new section 2255 motion.

### B. Defendant's unlawful wounding conviction is still a violent felony under the ACCA.

Defendant's second section 2255 motion asserts that his unlawful wounding conviction can no longer serve as a violent felony under the ACCA because that crime does not have an element of intentional use of violent force. (ECF No. 469 at 5). Specifically, he contends that "one can violate the statute by simply *causing* physical injury *by any means*" and the crime can "*result* in death or serious bodily injury without *use* of physical force . . . ." (*Id.* at 6) (Emphasis in original).

However, in light of the Fourth Circuit's recent decision in *United States v. Covington*, 880 F.3d 129 (4th Cir. 2018), in which the court found that unlawful wounding under W. Va. Code § 61-2-9(a) categorically qualifies as a crime of violence under the force clause of the career offender guideline of the United States Sentencing Guidelines, USSG § 4B1.2, the undersigned proposes that the presiding District Judge **FIND** that Defendant's unlawful wounding conviction is still a violent felony under the ACCA. *See also United States v. Wilson*, No. 17-4224, 2018 WL 1052943 (4th Cir. Feb. 26, 2018) (finding West Virginia unlawful wounding conviction is a crime of violence under the Guidelines).

Although the career offender guideline uses the term "crime of violence," the force clause therein is similarly worded to that of the ACCA definition of a "violent felony." Thus, courts often draw from the case law analyzing convictions under the guideline when addressing the same conviction under the ACCA, and vice versa. *See United States v. Montes-Flores*, 736 F.3d 357, 363 (4th Cir. 2013); *United States v. King*, 673 F.3d 274, 279 n.3 (4th Cir. 2012) ("We rely on precedents evaluating whether an offense constitutes a 'crime of violence' under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony' under the ACCA because the two terms have been defined in a manner that is 'substantively identical.'")

The statute at issue in the instant case, as in *Covington*, is West Virginia Code § 61-2-9(a),[4] which, both in 1976 (when Defendant was convicted), and in 1998 (when Covington was convicted), stated as follows:

> If any person *maliciously* shoots, stabs, cuts or wounds any person, or by any means cause him or her bodily injury with intent to maim, disfigure,

---

[4] Although titled "Malicious or unlawful assault," this statute governs the crimes commonly referred to as malicious or unlawful wounding.

8

> disable or kill, he or she, except where it is otherwise provided, is guilty of a felony and, upon conviction thereof, shall be punished by confinement in a state correctional facility not less than two nor more than ten years. If the act is done *unlawfully, but not maliciously*, with the intent aforesaid, the offender is guilty of a felony and, upon conviction thereof, shall either be imprisoned in a state correctional facility not less than one nor more than five years, or be confined in jail not exceeding twelve months and fined not exceeding $500.

W. Va. Code § 61-2-9(a) (emphasis added). The Fourth Circuit found that this statute is clearly divisible, "in that it lists two separate crimes with different elements and punishments." 880 F.3d at 133. The Fourth Circuit further found as follows with respect to the unlawful wounding portion of the statute:

> Comparing the elements of the force clause as articulated above, with the elements of the West Virginia offense of unlawful wounding, yields the conclusion that unlawful wounding under § 61-2-9(a) categorically qualifies as a crime of violence under the force clause. Section 61-2-9(a) applies only to a defendant who "shoots, stabs, cuts or wounds any person, or by any means cause[s] him or her bodily injury with intent to maim, disfigure, disable or kill," W. Va. Code § 61-2-9(a). The statute's text thus dictates that the minimum conduct required for conviction of unlawful wounding must at least involve physical force capable of causing physical injury to another person. *See United States v. Reid*, 861 F.3d 523, 527 (4th Cir. 2017) (concluding that the "'knowingly and willfully inflict[ing] bodily injury' on another person" element of a Virginia criminal offense "squarely matches ACCA's force clause, which requires force that is 'capable of causing physical pain or injury'" (alteration in original) (first quoting Va. Code Ann. § 18.2-55) (then quoting *Johnson*, 559 U.S. at 140, 130 S. Ct. 1265)), *cert. denied*, ––– U.S. ––––, 138 S. Ct. 462, ––– L.Ed.2d –––– (2017).

*Id.* at 133–34. As noted by the government in its Third Notice of Additional Authority, the *Covington* Court further found that "the district court's reliance on *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), concerning the use-of-force issue presented by Covington's conviction was error, as was its reliance on hypothetical scenarios." (ECF No. 146 at 1).

In asserting that his West Virginia malicious wounding conviction is not a violent felony under the ACCA, Defendant relies on *Torres-Miguel*, arguing that a crime that

9

results in physical injury may not actually involve the *use* of physical force.[5] However, based upon the Supreme Court's decision in *United States v. Castleman*, 572 U.S. 157, 169 (2014) (finding that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force") and the Fourth Circuit's specific finding that *Torres-Miguel* has been abrogated by *Castleman*, *see Burns-Johnson*, 864 F.3d at 318, the undersigned proposes that the presiding District Judge **FIND** that West Virginia Code § 61-2-9(a) necessitates the requisite amount of force to be a violent felony under the ACCA.

Moreover, to the extent that Defendant has attempted to resurrect his argument previously made in this federal court and the SCAWV that his unlawful wounding conviction was a misdemeanor offense because he received a 12-month sentence in the McDowell County Jail, he is barred from doing so in this proceeding. Moreover, that claim lacks merit. First, Defendant is barred from again raising this issue in this federal court because it was previously denied in his first section 2255 proceeding. *See* 28 U.S.C. § 2255(e) (barring review of claims previously denied in prior motion unless remedy under section 2255 is inadequate or ineffective); 28 U.S.C. § 2255(h) (barring collateral review of claims previously rejected, absent a retroactive change in substantive law); see also *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

---

[5] In *Torres-Miguel*, the Fourth Circuit addressed whether a California threat conviction was a crime of violence for Guideline purposes. The Court rejected the Ninth Circuit's conclusion that the offense involved force because it was required to result in death or great bodily injury. Rather, the Fourth Circuit panel found that "a crime may result in death or serious bodily injury without involving the use of physical force[,]" pointing to poisoning as an example. Defendant's Reply brief also cites other decisions resting on the rationale of *Torres-Miguel*. (ECF No. 141 at 3-4). However, as noted by the Government's Supplemental Responses, *Torres-Miguel* has essentially been abrogated by the Supreme Court's decision in *United States v. Castleman*, 134 S. Ct. 1405 (2014), in which the Court rejected the "poisoning-does-not-equal-physical-force" argument. (ECF No. 142 at 5-12; ECF Nos. 143, 145, 146). Although *Castleman* addressed a misdemeanor domestic violence offense, which are often distinguishable from other violent crimes, the Fourth Circuit recently recognized *Castleman*'s abrogation of *Torres-Miguel* with respect to the indirect application of force in *United States v. Burns-Johnson*, 864 F.3d 313, 318 (4th Cir. 2017). *See also United States v. Battle*, No. 18-6754, 2019 WL 2426493 (4th Cir. June 11, 2019) (the distinction between direct and indirect applications of force drawn in *Torres-Miguel* no longer stands).

Specifically, as noted by the government (ECF No. 510 at 3-5), in denying Defendant's prior section 2255 motion, the presiding District Judge found that Defendant "was convicted of a felony for unlawful wounding, and properly classified by this Court as an armed career offender under the ACCA." *Shrader v. United States*, No. 1:13-cv-33098, ECF No. 449 at 10. The presiding District Judge adopted the Proposed Findings and Recommendation ("PF&R") of Magistrate Judge R. Clarke VanDervort, which found that "[n]o basis existed for claiming that Movant's unlawful wounding conviction was a misdemeanor." *Id.*, ECF No. 441 at 4 n.2 and 24-25. The District Court's Order further found that her consideration of the issue at sentencing, and the Fourth Circuit's decision not to consider the issue on appeal, rendered "the issue moot for purposes of Section 2255." *Id.* at 9.

Moreover, the District Court further found that, even if this claim were properly raised in the first section 2255 proceeding, it lacked merit because the SCAWV has definitively found Defendant's unlawful wounding offense to be a felony. Thus, the District Court previously rejected Defendant's argument that the "except as otherwise provided" language in the statute "creates an alternative misdemeanor sanction for unlawful wounding." *Id.* This decision was subsequently upheld on appeal by the Fourth Circuit. *United States v. Shrader*, 668 F. App'x 494 (4th Cir. 2016), ECF No. 472.

For all of these reasons, the undersigned proposes that the presiding District Judge **FIND** that Defendant's 1976 West Virginia unlawful wounding conviction is a violent felony that was properly used as a predicate offense for his ACCA enhancement.

### C. Defendant's first degree murder convictions are violent felonies under the ACCA.

Defendant's second section 2255 motion also asserts that his two 1976 first degree murder convictions no longer qualify as violent felonies under the ACCA. The West Virginia murder statute at the time of Defendant's offenses in 1975 and his convictions in 1976 define first degree murder as follows: "Murder by poison, lying in wait, imprisonment, starving, or by any willful, deliberate, and premeditated killing, or in the commission of, or attempt to commit, arson, rape, robbery, or burglary." W. Va. Code § 61-2-1. "Murder" is defined as the unlawful killing of a human creature with malice aforethought. *State v. Abbott*, 62 S.E. 693 (W. Va. 1908).

Defendant's Supplemental Brief contends that:

> There are two reasons West Virginia murder cannot be an ACCA violent felony. First, the primary classification of first degree murder includes means of commission that does not require violent force. For example, murder "by poison" or "by starvation." As the Fourth Circuit recognized in *Torres-Miguel*, *supra*, poisoning someone, while creating an injury (or death) does not constitute the use of violent force. 701 F.3d at 168. While murder by poison or starvation <u>can</u> be committed with violent force, it is not required to be committed in such fashion. Since the most innocent way to commit this crime can be non-violent, first degree murder in West Virginia is broader than the generic version and cannot stand as an ACCA predicate.
>
> The second reason murder fails to be an ACCA predicate is because the felony-murder portion of the statute can be committed unintentionally. *See State v. Jenkins*, 729 S.E.2d 250, 261 (W. Va. 2012): "[u]nlike traditional first degree murder, felony-murder does not require proof of the elements of malice, premeditation, or specific intent to kill." (internal quotation marks omitted). Since violent force in the ACCA context must only be the result of intentional conduct (see *[Garcia v. Gonzales*, 455 F.3d 465, 468 (4th Cir. 2006]), murder fails as a predicate.

(ECF No. 469 at 4). Defendant also emphasizes that, under the categorical approach, the court cannot consider the facts of how Defendant actually committed the crime. Thus,

12

the court must consider the least culpable means of committing the crime to determine if it has an element of violent force. (*Id.* at 4-5).

The government, on the other hand, argues that recent Supreme Court precedent rejects Defendant's argument under *Torres-Miguel*. Relying on *Castleman*, *supra*, the government's brief asserts that a use of force may be direct or indirect:

> It is true that *Torres-Miguel* said poisoning another person would not represent a use or threatened use of force. 701 F.3d at 168-69. But the Supreme Court in *Castleman* – decided two years after *Torres-Miguel* – squarely rejected that reasoning. *United States v. Castleman*, ___ U.S. ___, 134 S. Ct. 1405, 1414-15, 188 L. Ed.2d 426 (2014). Just as Defendant contends here, the defendant in *Castleman* argued that "although poison may have forceful physical properties as a matter of organic chemistry, . . . no one would say that a poisoner [use]s force or carries out a purpose by means of force when he or she sprinkles poison in a victim's drink." *Id.* at 1415. The Supreme Court declined to accept this argument, reasoning instead that "[t]he use of force . . . is not the act of sprinkling the poison," but "the act of employing poison knowingly as a device to cause physical harm." *Id.* The Supreme Court further explained that "it does not matter" that "the harm occurs indirectly, rather than directly," noting that under the *Castleman* defendant's reasoning, "one could say that pulling the trigger on a gun is not the 'use of force' because it is the bullet, not the trigger, that actually strikes the victim." *Id.* The Supreme Court's reasoning in *Castleman* applies here and requires rejection of Defendant's argument based on *Torres-Miguel* decision.

(*Id.* at 8). The government's brief cites to other decisions that have similarly rejected the *Torres-Miguel* rationale. *See, e.g., United States v. Baires*, 206 F. Supp.3d 1167, 1179-80 (E.D. Va. 2016) (felony murder in aid of racketeering under 18 U.S.C. § 1111 was crime of violence under force clause); *United States v. Cuong Gia Le*, 206 F. Supp.3d 1134, 1147-48 (E.D. Va.) (Virginia statutory murder was crime of violence under force clause); *United States v. Moreno-Aguilar*, 198 F. Supp.3d 548, 551-554 (D. Md. 2016) (Use of poison is a use of force capable of causing physical pain or injury sufficient to satisfy the force clause making both Maryland statutory and common law murder a crime of violence); *United States v. Wheeler*, No. 15-CR-216, 2016 WL 783412, at *4 (E.D. Wisc. Jan. 6, 2016), report

13

and recommendation adopted, 2016 WL 799250 (E.D. Wisc. Feb. 29, 2016) ("*Torres-Miguel* has been overruled to the extent that it held that a crime may result in death or serious injury without involving the use of physical force.") (*Id.* at 9).

The government also disputes Defendant's argument concerning felony murder. Its brief states:

> Defendant's argument does not withstand scrutiny. A violent felony may require the intent to use violent force, but it does not require the intent to kill. Felony murder under the 1975 version of the West Virginia murder statute meant a murder in the commission of, or the attempt to commit, one of four predicate felonies: arson, rape, robbery, or burglary. W. Va. Code § 61-2-1 (1977). In order to be guilty of felony murder, a defendant must have intentionally committed one of those predicate offenses and, by extension, must have intended to activate the forces that were involved in the offense conduct. In a felony murder case, it is those same intentionally activated forces that result in the death of the victim. In any felony murder case, then, the homicidal force will have been engaged in intentionally. The death that results from the force may not be intentional, but the force itself is. And, given the inherently criminal nature of the predicate felonies – arson, rape, robbery, and burglary – the application of the deadly force to the person of the victim will be, at minimum, reckless in nature. Earlier this year, the Supreme Court clarified that reckless application of force to the person of another is sufficient to constitute a use of physical force. *Voisine v. United States*, ___ U.S. ___, 136 S. Ct. 2272, 2278 (June 27, 2016). To the extent Defendant's argument relies on earlier precedent from the Fourth Circuit, this superseding holding from the Supreme Court invalidates it.

(ECF No. 477 at 10-11). The government cites to two other decisions that apply this same analysis. *See Baires, supra*, 206 F. Supp.3d at 1180; *United States v. Lobo-Lopez*, 206 F. Supp.3d 1084 (E.D. Va. 2016).

In the alternative, the government suggests that the court find that the murder statute is divisible – divided into three alternative sets of elements. The government further asserts that, in applying the modified categorical approach, Defendant's murder convictions would fall under the "willful, deliberate, and premeditated killing" portion of the 1975 statute, and would, undoubtedly, qualify as violent felonies. *See United States*

*v. Checora*, 155 F. Supp.3d 1192, 1198-99 (D. Utah 2015).  (*Id*. at 11).  The government contends that "murder is the prototypical violent crime" and that any other interpretation would produce absurd results.  (*Id*. at 12).

Defendant's Reply acknowledges that, if the court were permitted to apply the modified categorical approach, then the court could consider the facts of Defendant's convictions.  However, Defendant contends that the statute is not divisible, and that the court is limited to application of the categorical approach.  (ECF No. 479 at 1-2).  Defendant contends that the government's reliance on *Castleman* is misguided because it is a case that interpreted a domestic violence statute, and that the definition of domestic violence is a "term of art encompassing acts that one might not characterize as 'violent' in a non-domestic context."  572, U.S. at 165, 134 S. Ct. at 1411.  (*Id*. at 2).

The government notes that the Supreme Court has described murder as a "prototypically violent crime."  *James v. United States*, 550 U.S. 192, 208 (2007), *overruled in part on other grounds* by *Johnson II, supra*, 135 S. Ct. 2551.  While the undersigned has been unable to locate any authority specifically addressing West Virginia's murder statute in this context, the various courts that have analyzed similar murder statutes have found those crimes to be crimes of violence.  *See, e.g., Umana v. United States*, No. 3:08CR134-RJC-2, 2017 WL 373458, at *4 (W.D.N.C. Jan. 25, 2017) ("The conduct element of murder - 'an unlawful killing' – necessarily requires physical injury to the body of another person, even if the injury is no more than the cessation of that person's heart."); *United States v. Kirby*, No. CV016-524, 2017 WL 4539291, at *11 (D.N.M. Feb. 16, 2017) (finding that attempted first-degree murder under New Mexico law was a crime of violence because "[t]he definition of 'violent force' is simply 'force capable of causing physical pain or injury to another person'" and "it is impossible to

15

cause death without applying physical force . . . ."); *Hernandez-Favale v. United States*, No. 16-cv-2098, 2018 WL 3490797, at *2 (D.P.R. July 18, 2018) (Puerto Rico case law establishes that murder and attempted murder categorically fit into the ACCA's force clause); *United States v. Crawford*, No. MJG-15-CR-0322, 2016 WL 4662334, at *6 (D. Md. Sept. 7, 2016) ("every court that has addressed the matter has held that murder is, categorically, a crime of violence.").

As asserted by the government, the central element of West Virginia's murder statute is "murder," which is "the unlawful killing of a human creature with malice aforethought." (ECF No. 477 at 6-7, citing *State v. Abbott*, 62 S.E. 693 (W. Va. 1908)). The undersigned agrees that murder inherently requires the use of physical force against a person, whether that force is directly or indirectly applied, and that such force meets the violent force definition contained in *Johnson I*. Thus, the undersigned proposes that the presiding District Judge **FIND** that Defendant's two first degree murder convictions are violent felonies under the force clause of the ACCA. Consequently, Defendant still qualifies as an armed career criminal and he has no basis for relief under section 2255.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the District Court **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 463) and dismiss this civil action from the docket of the court. Because Defendant's sentence is not unconstitutional and he is not subject to release in light of this motion, there is no need for the District Court to further discuss the arguments made in the Victims' Assertion of Rights (ECF No. 467), or related briefs (ECF Nos. 478, 509, and 513).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on the opposing party and Judge Berger.

The Clerk is requested to mail a copy of this Proposed Findings and Recommendation to Movant at his last known address and counsel of record.

<u>June 27, 2019</u>

Dwane L. Tinsley
United States Magistrate Judge